Nathaniel T. Helman, J.
Motion for leave to reargue is granted and upon such reargument the original determination of the court is recalled and the following is substituted in its place. Petitioner seeks an order pursuant to subdivision (b) of CPLR 2308 compelling respondents to appear for examination pursuant to previously served subpoenas. It now appears from the additional papers submitted in support of this motion, that a distinction has been made in the statutory scheme, between the term ‘ ‘ investigation ’ ’ as that term is employed in subdivision 1 of section 24 of the Insurance Law, and the word “ examination ” as that term is applied under the provisions of section 29 of the same law.- While both sections in their broad form derive from the Laws of 1909; the Superintendent found it necessary, in 1945, to apply to the Legislature for an amendment of the statute to afford him power to subpoena witnesses to give evidence at an investigation. Previously, his authority to subpoena was limited to compelling attendance at formal hearings only, but the relief which he sought and obtained as an amendment to section 24, granted him authority to conduct investigation preliminary to the holding of a formal hearing.
Section 29, which speaks -of an examination into “ the affairs of any insurer ” concerns itself only with periodical audits, *13 and involves examinations of “ books, records, files, securities and other documents ”, as well as the appointment of appraisers. When functioning within the limited area of a section 29 ‘ ‘ examination [of] affairs” the Superintendent is required to make an order specifying subjects of inquiry. Such an order “ indicating the scope of the examination ” is restricted to section 29 eases, and does not serve to limit the broader power of subpoena and inquiry for an “ investigation ” instituted under section 24. It is apparent that the investigative function of the various bureaus of the Insurance Department does not conflict with the periodical examinations of affairs of an insurer, the latter being mandated by statute every five years for life and fire insurance companies, and three years for casualty companies. These examinations are concerned with financial conditions as well as reviews of methods used in the preparation of financial records. The Superintendent points out that some 30,000 investigations are conducted annually while approximately 130 hearings or examinations of affairs are held within the same period.
Concerning the objection raised by respondent that they would be deprived of due process if compelled to comply with the subpoenas ample protection has been afforded them. Their right to Fifth Amendment privileges and “ transactional immunity” is undisputed. In the court’s view respondents have a right to have their counsel present throughout the hearing, for advice and guidance, but the presence of such counsel should not serve to impede or obstruct the cause of any inquiry conducted by petitioner.
The other contentions of respondents are without merit.
Accordingly, petitioner’s motion, will, upon reconsideration be granted.